# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                         CASE NO. 07-CR-30292

v.                                    MAGISTRATE JUDGE CHARLES BINDER

MICHAEL PAUL JOHNSON,

      Defendant.

_____/

## DECISION AND ORDER DENYING GOVERNMENT'S MOTION TO DETAIN

The Government moves for detention pursuant to 18 U.S.C. § 3142, but questions whether the detention hearing should be heard in this district. The Bail Reform Act does not provide explicit guidance as to whether the detention hearing should be held in the district of arrest or in the charging district. In this case, the conduct charged allegedly occurred more than three years ago while Defendant was living in Iowa. Defendant, however, has lived and practiced medicine in Michigan for the past year, and Defendant's supervising physician presented testimony describing Defendant's current circumstances. In addition, although on short notice, the Pretrial Services officer was able to produce a complete and fully-verified report. As a result, because the most current relevant information is available in this district, the Court finds that it is proper to consider the Government's motion to detain in this district.

On the issue of detention, the Government initially asserts that the presumption in favor of detention applies. The relevant statute provides that,

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a

> maximum term of imprisonment of ten years or more is prescribed in . . . an
> offense involving a minor victim under section . . . 2252(a)(2) . . . of this title.

18 U.S.C. § 3142(e).  The Court finds that the Government is correct - the presumption does in fact apply.  As a matter of law, the Indictment in this case, standing alone, suffices to establish probable cause without any further proof of the underlying offense, and that Defendant thus faces more than 10 years' potential custody.

Consequently, the question before the Court is whether there is sufficient evidence to rebut the presumption in light of the factors set forth in 18 U.S.C. § 3142(g).  Subsection (g)(1) provides that the Court must first consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." In this case, the offense charged involves the alleged possession and distribution of visual depictions of minors engaging in sexually-explicit conduct, and therefore this factor weighs in favor of detention.

Subsection (g)(2) requires the Court to consider "the weight of the evidence against the person."  18 U.S.C. § 3142(g)(2).  "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt."  *U.S. v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991).  At the hearing, an FBI agent testified that evidence supporting the indictment was seized during the execution of a search warrant.  This fact neither weighs for or against detention. However, as noted above, the conduct forming the basis for the indictment occurred over three years prior to the Indictment.  This fact weighs against the urgency of detention, and favors release.

I next turn to the factors set forth in subsection (g)(3) relating to Defendant's personal

history and characteristics. Defendant is a licensed medical doctor who possesses what I understand to be an educational medical license allowing him to practice in this state as an intern or a resident under the supervision of teaching physicians. He has practiced in this fashion at the Bay Regional Medical Center in Bay City, Michigan, for approximately the last year. During that time he purchased a home in this area. Defendant is married, and he and his wife have one son. Prior to Defendant's residency in Bay City and his work at Bay Medical Center, he lived for three years in Ankeny, Iowa. Information provided by Pretrial Services and corroborated by the testimony of Defendant's supervising physician indicates that Defendant has accepted an invitation to begin a residency program in Massillon, Ohio, in the near future.

Defendant currently earns approximately $40,000 annually in his medical internship program. Defendant has a mortgage on the home he has purchased and he has incurred the types of debt to be expected of a professional student early in his career after completing his basic medical education. For 15 years prior to Defendant's medical education, he worked full time in Iowa as a paramedic. I find that these factors weigh in favor of pretrial release.

Defendant is in good physical health and has no history of substance abuse. A urine sample voluntarily submitted was found to be negative for all illegal controlled substances. The Defendant is now, and has in the past, suffered from symptoms of depression. He is currently undergoing treatment and taking medication.

Defendant's prior criminal history consists of two misdemeanor convictions for fifth-degree theft and misuse of a credit card. These occurred in Iowa in 1990 and 1992.

Dr. Floyd Stevens, Defendant's supervising physician and Director of Medical Education at Bay Regional Medical Center, testified without hesitation that Defendant has

performed in an "admirable fashion" in the Bay Regional Medical internship program. Dr. Stevens testified that, in the event that the Ohio hospital might now be hesitant or unwilling to accept Defendant for its residency program as a result of the pending charges, Defendant would be welcome to continue as a resident physician at Bay Regional Medical Center. During cross-examination, Dr. Stevens testified that the Medical Center could easily accommodate a requirement that Defendant have no contact with minors unless in the presence of another medical professional.

While the conduct charged in this case is inherently perverse and reprehensible, the final provision of 18 U.S.C. § 3142 commands that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). That having been said, as I weigh all of these factors under the Bail Reform Act, I find that the presumption in favor of detention has been rebutted on the testimony and evidence presented at this hearing. In so finding, I conclude that the recommendations for detention made in Iowa and shown on the warrant for Defendant's arrest are undercut by the information provided at this hearing, in particular, Dr. Stevens' testimony. The Court is confident that a bond can be fashioned which will reasonably secure the safety the community and assure the Defendant's appearance as required, either in this district or in the Southern District of Iowa, while at the same time complying with the requirements of the newly-enacted Adam Walsh Act, Pub. L. No. 109-248, 120 Stat. 587 (2006).

Accordingly, **IT IS ORDERED** the Government's motion to detain is denied.

Review of this order is governed by 18 U.S.C. § 3145.

s/ *Charles E Binder*

CHARLES E. BINDER

Dated: June 13, 2007                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker and Ken Sasse, served by other electronic means on Magistrate Judge Bremer in the Southern District of Iowa, and served on Pretrial Services in the traditional manner.

Date: June 13, 2007                    By_____s/Jean L. Broucek_____
                                       Case Manager to Magistrate Judge Binder